UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WESTERN-SOUTHERN LIFE ASSURANCE COMPANY,

Plaintiff,

vs.

TAMMY R. COMPTON; SUSAN I. BURCH; LINDA JOHNSON BROWN; PAUL S. BROWN; STEPHEN K. BROWN; JASON RAY RODEGHIER; STACEY RENEE FLEETWOOD; ROY ALLEN WRIGHT; and AMANDA LEIGH JOHNSON,

Defendants.

Case No. 6:26-cv-1344-CEM-RMN

**ORDER**

This matter is before the Court without oral argument on Plaintiff Western-Southern Life Assurance Company's Motion for Clerk's Default (Dkt. 36) against Interpleader Defendant Amanda Leigh Johnson, filed October 9, 2026. For the following reasons, the Motion is denied.

## I. BACKGROUND

On June 18, 2026, Plaintiff brought an interpleader action against all Defendants in this case to determine who is entitled to the proceeds of a life

insurance policy. Dkt. 1. On September 25, 2026, Plaintiff filed a return of service indicating that service was executed as to Amanda Leigh Johnson on August 13, 2026. Dkt. 33.

On October 5, 2026, the Court issued an Order requiring Plaintiff to show cause as to why the claims against Ms. Johnson should not be dismissed for failure to apply for default and alternatively allowing Plaintiff to cure this deficiency by applying for default within seven days of the Order. Dkt. 34. Plaintiff then filed the instant Motion four days later. Dkt. 36.

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III. ANALYSIS

For service of process to be effective, the summons "must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). If a party fails to show that the complaint was served alongside the summons, that party cannot show that service was proper. *Macys v. Century Golf Partners GP LLC*, No. 6:24-cv-1669, 2025 WL 895989 at *2 (M.D. Fla. Mar. 24, 2025). In *Macys*,

the plaintiffs relied on the first page of an AO440 form to prove that the complaint was served alongside the summons. *Id.* While the first page referred to an "attached complaint," the second page, a sworn "proof of service," only explicitly stated that the summons was served. *Id.* The Court held that this alone was insufficient to show service of the complaint, and that because the plaintiffs did not file a separate affidavit from the process server attesting to service of the complaint, they could not rely solely on the first page of the AO440 form to implicitly prove that the complaint was served when the second page did not explicitly reference both documents. *Id.*

An identical situation occurs here. Plaintiff's return of service includes an AO440 form which references an "attached complaint" on the first page, but the proof of service page only contains reference to the summons. Dkt. 33. There is no attached affidavit, or any other document, attesting to service of the complaint. *Id.* Because Plaintiff does not demonstrate proper service, the Court cannot grant the Motion.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Clerk's Entry of Default (Dkt. 36) is **DENIED without prejudice**; and

2. Should Plaintiff file a renewed motion for clerk's default, Plaintiff must provide an affidavit or other documentation demonstrating proper service.

**DONE** and **ORDERED** in Orlando, Florida, on November 18, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record